10-3396-cv
Igarashi v. Skulls & Bones

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of October, two thousand eleven.

PRESENT:
> Rosemary S. Pooler,
> Robert D. Sack,
> Reena Raggi,
> > *Circuit Judges.*

_____

Tomoko Igarashi, 1223-16 Kamikoya Yachiyo City
Chiba Prefecture Japan,

> > *Plaintiff-Appellant*,

> > v.                                                                          10-3396-cv

Skulls & Bones, (Institution), George W. Bush,
George Herbert Walker Bush, Dick Cheney,
Rudolph Giuliani, John McCain, Sarah Palin,
(Republican), Michele Bachmann, Al Gore, Nancy
Pelosi, William Jefferson Clinton, Hillary Rodham
Clinton, Every Member Belong to Skull & Bones,
Every Politician Belong to Skull & Bones, CIA
Worker Belong to Skull & Bones,

> > *Defendants-Appellees*.

_____

FOR PLAINTIFF -APPELLANT:                    Tomoko Igarashi, *pro se*, Kamikouya
                                             Yachiyo-City, Japan

FOR DEFENDANTS -APPELLEES:                   No appearance

Appeal from a judgment of the United States District Court for the Southern District of New York (Preska, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Tomoko Igarashi, proceeding pro se, appeals the district court's judgment dismissing her complaint pursuant to 28 U.S.C. § 1915(e)(2). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews a district court's § 1915(e)(2) dismissal of a complaint de novo. *See Giano v. Goord*, 250 F.3d 146, 149-50 (2d Cir. 2001). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although we accept as true all allegations contained in the complaint, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Even a well-pleaded complaint may be dismissed as factually frivolous "if the sufficiently well-pleaded facts are clearly baseless—that is, if they are fanciful, fantastic, or delusional." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (internal quotation marks omitted).

"It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and alteration omitted). A "court should not dismiss [a pro se complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Nevertheless, leave to amend is not necessary when it would be futile, as when the complaint, even read liberally, does not "suggest[] that the plaintiff has a claim that she has inadequately or inartfully pleaded and that she should therefore be given a chance to reframe." *Id.*

Here, an independent review of the record and relevant case law reveals that the district court properly dismissed Igarashi's claims as frivolous. We affirm for substantially the same reasons stated by the district court in its July 22, 2010 order. Further, the district court properly dismissed the complaint without providing an opportunity to amend because any amendment would have been futile in light of the incredible nature of the allegations. As in *Cuoco*, "[t]he problem with [plaintiff]'s causes of action is substantive; better pleading will not cure it." *Cuoco*, 222 F.3d at 112.

2

We have considered all of Igarashi's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk